**LEVIN, FISHBEIN, SEDRAN & BERMAN**
**Michael M. Weinkowitz, Esquire**
**Attorney Id. No. 76033**
**510 Walnut Street, Suite 500**
**Philadelphia, PA 19104**
**(215) 592-1500 - phone**
**(215) 592-5663 - fax**
**Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE O'KEEFE, Executrix of the ESTATE OF GERALD O'KEEFE, deceased, | : : : : |
| *Plaintiff*, | : : |
| vs. | : CIVIL ACTION : : NO. 02-3456 |
| THE PROCTOR & GAMBLE DISTRIBUTION COMPANY | : : JURY TRIAL DEMANDED |
| *Defendant*. | : : |

### PLAINTIFF'S MOTION FOR REMAND

Plaintiff, Diane O'Keefe and the Estate of Gerald O'Keefe ("Plaintiff"), by and through her undersigned attorneys, files this *Motion for Remand*, pursuant to 28 U.S.C. § 1446(b), in response to the *Notice of Removal* filed by defendants, Proctor and Gamble Pharmaceuticals, Inc. ("Defendant"). This cases should be remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania because Defendant failed to properly file its *Notice of Removal* within thirty (30) days following the receipt of plaintiff's initial pleading setting forth the claim for relief,

Plaintiff's *Writ* which was filed on April 30, 2001 and served upon defendant and received on May 3, 2002.

I. **PROCEDURAL HISTORY**

1.  Plaintiff incorporates herein, as if set forth in their entirety, paragraphs 1-4 of Defendant's *Notice of Removal* which accurately reflect the procedural history. Notwithstanding, Plaintiff supplements said paragraphs by stating that on May 3, 2002, defendant was served with the *Writ* which commenced this action and the Civil Cover Sheet which identified the matter as a PPA Mass tort case. A true and correct copy of the *Affidavit of Service* is attached hereto as Exhibit "1."

2.  On June 4, 2002, this Honorable Court entered an Order remanding this case back to the state court because defendant's *Notice of Removal* filed on May 30, 2002 was not properly filed in compliance with 28 U.S.C. § 1446(b). A true and correct copy of said Order is attached hereto as Exhibit "2."

3.  Defendant failed to file a proper *Notice of Removal* within thirty (30) days of May 3, 2002, that is, on or before June 3, 2002.

II. **LEGAL ARGUMENT**

   A. **THE DEFENDANT HAS A HEAVY BURDEN OF PROVING REMOVAL JURISDICTION UNDER A STANDARD REQUIRING STRICT CONSTRUCTION AND THE RESOLUTION OF ALL DOUBTS AGAINST REMOVAL**

2.  Defendants have the right to remove a cause of action from state court to a federal court but only where the federal district court would have been able to exercise original jurisdiction over the matter if it had been filed there. 28 U.S.C. § 1441(a). Original jurisdiction is limited to cases

involving a cause of action arising under federal law or where the parties are diverse and the amount in controversy is at least $75,000.00. As set forth in the paragraphs below, defendants have a heavy burden which they have not met.

3. It is well established that the burden of proving removal jurisdiction is on the removing party, and removal jurisdiction is to be strictly construed. Wilson v. Republic Iron & Steel Co. 42 S.Ct. 35, 257 U.S. 92,66 L.Ed. 144(1921); Sun Buick, Inc. v. Saab Cars USA. Inc., 26 F.3d 1259 (3rd Cir. 1994) (unlike federal officer removal statute, general removal statute is construed strictly); Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214 (3rd Cir. 1999); In re Comcast Cellular Telecommunications Litigation, 949 F.Supp. 1193 (E.D.Pa. 1996); Nero v. Amtrak, 714 F.Supp. 753 (E.D.Pa. 1989); Samuel-Bassett v. Kia Motors Am., Inc., 143 F.Supp.2d 503 (E.D.Pa. 2001); Bell Atlantic Mobile v. Zoning Bd., 138 F.Supp.2d 668 (E.D.Pa. 2001).

4. Not only does the principle of strict construction apply in determining whether a case should be removed, but the court must resolve all doubts, on the question, against accepting removal jurisdiction. In re Comcast Cellular Telecommunications Litigation, 949 F.Supp. 1193 (E.D.Pa. 1996); Landman v. Borough of Bristol, 896 F.Supp. 406 (E.D.Pa. 1995). See also Toanone v. Williams, 405 F.Supp. 36 (E.D.Pa. 1975).

    **B.**    **THIS CASE SHOULD BE REMANDED TO STATE COURT BECAUSE THE DEFENDANT FAILED TO TIMELY FILE ITS NOTICE OF REMOVAL**

**5.** The first paragraph of Section 1446(b) of Title 28 controls the time for seeking removal from a state court to a federal court. It requires that the notice of removal of a civil action or proceeding be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action

or proceeding is based, or within thirty days after the service of the summons but not the complaint upon the defendant and the initial pleading has been filed in state court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b).

6.   The time limit for filing a notice of removal is triggered when a Writ of Summons, Praecipe, or Complaint provides the defendant with adequate notice of federal jurisdiction. Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48 (3rd Cir. 1993).

7.   In this case, the Writ of Summons and the Civil Cover sheet which were received by defendant on May 3, 2002 provided defendant with adequate notice of federal jurisdiction. Defendant failed to properly file its Notice of Removal on or before the end of the applicable thirty day period and thus this case should be remanded back to state court.

### III.   CONCLUSION

**WHEREFORE**, plaintiff respectfully requests that her motion be granted and this case be promptly remanded to the Court of Common Pleas of Philadelphia Count, Pennsylvania.

Respectfully submitted,

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

---

MICHAEL M. WEINKOWITZ, ESQUIRE
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500
Attorneys for Plaintiff

Dated:       June 17, 2002

## CERTIFICATE OF SERVICE

  I, Michael M. Weinkowitz, Esquire, do hereby certify that on June 17, 2002, I served a true and correct copy of the foregoing Plaintiff's *Motion for Remand* by first-class mail upon the following:

Francis McGill Hadden, Esquire
Hecker Brown Sherry & Johnson LLP
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103

*Attorney for The Proctor and Gamble Pharmaceuticals, Inc.*

                **LEVIN, FISHBEIN, SEDRAN & BERMAN**

                _____
                MICHAEL M. WEINKOWITZ, ESQUIRE
                510 Walnut Street, Suite 500
                Philadelphia, PA  19106
                (215) 592-1500
                Attorneys for Plaintiff

**LEVIN, FISHBEIN, SEDRAN & BERMAN**
Michael M. Weinkowitz, Esquire
Attorney Id. No. 76033
510 Walnut Street, Suite 500
Philadelphia, PA 19104
(215) 592-1500 - phone
(215) 592-5663 - fax
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE O'KEEFE, Executrix of the ESTATE OF GERALD O'KEEFE, deceased,<br><br>*Plaintiff*,<br><br>vs.<br><br>THE PROCTOR & GAMBLE DISTRIBUTION COMPANY<br><br>*Defendant*. | CIVIL ACTION<br><br>NO. 02-3456 |

# ORDER

**AND NOW**, this _____ day of _____, 2002, upon consideration of the *Notice of Removal* of Proctor and Gamble Pharmaceuticals, Inc and Plaintiff's *Motion for Remand;*

**IT IS HEREBY ORDERED**, that Plaintiff's *Motion for Remand* is **GRANTED,** and this action is to be immediately remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania.

**SO ORDERED:**

_____
U.S.D.J.